IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| CORBIN D. JONES, # 01-30-1989-46, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 17-cv-337-JPG |
|  | ) |  |
| NEILL MOONEY, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at the Jefferson County Justice Center ("the Jail"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that the Mt. Vernon Police Officer who arrested him violated several of his constitutional rights. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell*

1

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

After fully considering the allegations in Plaintiff's Complaint, the Court concludes that some of Plaintiff's claims are subject to dismissal pursuant to § 1915A, and others must be stayed until the State criminal matter is concluded.

## The Complaint

The Complaint is made up of several piecemeal sections. Plaintiff begins with the 1-page police report authored by Mooney, describing the events leading up to Mooney's arrest of Plaintiff on February 14, 2017. (Doc. 1, p. 3). Plaintiff marked up this document and made several notations in the margins indicating possible claims, including "illegal search and seizure," "officer without warrant forced entry into my upstairs bedroom," "freedom of speech," and indicates several of Mooney's statements were "false." *Id.* His next page consists of the "Supplemental Report" of Officer Greenwood, who was also present at Plaintiff's arrest. (Doc.

1, p. 4). Plaintiff also includes a copy of a photograph of an alleged controlled substance found in his room on February 14, 2017, with his own annotations claiming that the material is not meth, but is in fact sea-salt. (Doc. 1, p. 6). On this paper, Plaintiff also wrote, "false report," "destroying evidence improperly," "false allegations," "tampering with evidence," "cruel and unusual punishments," and "failure to read me my Miranda rights before or after arrest." *Id.* The Complaint concludes with a 4-page narrative including factual allegations and some claims against Mooney. (Doc. 1, pp. 7-10).

The following factual summary can be gleaned from these statements: Mooney and other officers were called to Plaintiff's mother's residence, where Plaintiff occupied an upstairs bedroom. (Doc. 1, pp. 3, 8, 10). Plaintiff was on probation at the time. (Doc. 1, pp. 3, 9). Mooney was "escorted into the residence," presumably by Plaintiff's mother, and encountered Plaintiff on the stairs leading to his bedroom. (Doc. 1, pp. 3, 8). The officers asked Plaintiff to leave the house for the evening, in accordance with his mother's request. (Doc. 1, pp. 3). Plaintiff agreed to leave. Either Mooney or Officer Greenwood supervised Plaintiff in his bedroom while he gathered his belongings. (Doc. 1, pp. 3, 7). Greenwood and Mooney saw small crumbs of cannabis on a table in the bedroom (Plaintiff disputes which officer saw the cannabis first). (Doc. 1, pp. 3, 7).

According to Mooney, Greenwood asked Plaintiff where the rest of the cannabis was, and Plaintiff took a metal pipe out of his pocket. Greenwood also found a small black plastic bag containing small crystal-like rocks. (Doc. 1, p. 3). Plaintiff was arrested and searched, and officers found a rolled cigarette containing cannabis. (Doc. 1, p. 3). Plaintiff claims the statement about finding the cannabis cigarette is untrue, and notes the item was not photographed and was either destroyed or kept by Greenwood. (Doc. 1, p. 7). He also asserts that the "so-

called crack-cocaine/meth is sea-salt" that was in a small bottle with a twist-top grinder, and that the substance was never tested for drug content. *Id.* Some item that would have been materially exculpatory evidence (Plaintiff does not specify which item) was destroyed by Greenwood. (Doc. 1, pp. 7-9).

Plaintiff further asserts that he was not told his *Miranda* rights either before or after his arrest; Mooney forced his way into Plaintiff's bedroom and searched it without a warrant; Mooney's police report is false; and Plaintiff was wrongfully arrested and is being falsely imprisoned. (Doc. 1, p. 8). He claims that his former attorney (Featherson) is now a State's Attorney who has made statements against him, and this presents a conflict of interest. (Doc. 1, p. 9). He makes reference to freedom of speech, and claims he "received cruel and unusual punishments" on February 14, 2017, in his home; excessive bail was imposed; and was subjected to "excessive force from Officer C. Greenwood." (Doc. 1, p. 10).

Plaintiff seeks money for pain and suffering and asks for his freedom, but closes with the notation, "mainly money." (Doc. 1, p. 11).

### Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Mooney violated Plaintiff's Fourth Amendment rights by forcing his way into Plaintiff's room to conduct a search without a warrant or permission;
>
> **Count 2:** Mooney violated Plaintiff's Fifth and Sixth Amendment rights by

failing to inform him of his *Miranda* rights before or after his arrest or while he was in Mooney's custody;

**Count 3:** Mooney submitted a police report containing false statements about the events of February 14, 2017;

**Count 4:** Evidence obtained from Plaintiff's home that would have been exculpatory in his criminal prosecution was destroyed.

Counts 1 and 2 may present viable constitutional claims, but for the reasons explained below, it would be improper for this Court to consider those claims at this time. Counts 3 and 4 shall be dismissed for failure to state a claim upon which relief may be granted.

**Count 1 – Fourth Amendment**

Plaintiff's allegation that Mooney illegally searched his room without obtaining either permission or a search warrant is a matter that ordinarily would be brought up as a challenge to the evidence obtained or to the arrest, in the course of the prosecution of Plaintiff's pending criminal charge(s) in Jefferson County. If this Court were to take up the question of the constitutionality of the search at this time, the Court would necessarily insert itself into the ongoing state court criminal case. This is not a proper role for a federal court so long as the state criminal proceeding is still open.

Under the abstention doctrine following *Younger v. Harris*, 401 U.S. 37 (1971), a federal court must not take jurisdiction over a federal constitutional claim that might interfere with pending state court proceedings. See *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010). Under *Younger*, federal courts are required to abstain from interference in ongoing state proceedings when they are "(1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457

U.S. 423, 432, 436-37 (1982) and *Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir. 1998)). *See also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *Sweeney v. Bartow*, 612 F.3d 571 (7th Cir. 2010); *Brunken v. Lance*, 807 F.2d 1325, 1330 (7th Cir. 1986); *Neville v. Cavanaugh*, 611 F.2d 673, 675 (7th Cir. 1979). The "extraordinary" or "special" circumstances which might allow for an exception to the *Younger* abstention doctrine are generally limited to issues of double jeopardy and speedy trial. *Braden*, 410 U.S. at 489-92; *Sweeney*, 612 F.3d at 573.

The *Younger* abstention doctrine is implicated here because the pending proceedings in Jefferson County are judicial in nature and involve the important state interest of adjudicating violations of state criminal laws. Further, there is no indication that the state proceedings would not provide Plaintiff with an adequate opportunity for review of any federal constitutional claims. And finally, no extraordinary circumstances are apparent which require federal intervention at this stage.

Applying the *Younger* doctrine, the Seventh Circuit explained in *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013), that a plaintiff's claims for damages arising from an allegedly illegal search, seizure, and/or detention could not be raised in federal court while the criminal case in which those claims arose was still ongoing. Each of those constitutional issues could be litigated during the course of the criminal prosecution. If the federal court were to take jurisdiction over the claimed constitutional violations, the federal litigation could undermine the ongoing state court proceeding. *Gakuba*, 711 F.3d at 753 (citing *Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995); *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004) (*en banc*); *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (7th Cir. 1998)). A federal district court faced with such a situation should stay the plaintiff's civil rights claims for money damages,

6

rather than dismiss them. This is because the claims might otherwise become time-barred by the time the state criminal case was concluded.

Accordingly, Plaintiff's claims against Mooney in **Count 1**, for allegedly forcing his way into Plaintiff's room to conduct a search without a warrant or permission, shall be stayed until the conclusion of the state criminal proceedings. *See Gakuba*, 711 F.3d at 753; *Barichello v. McDonald*, 98 F.3d 948, 955 (7th Cir. 1996) (federal court may raise *Younger* abstention issue and stay case *sua sponte*).

### Count 2 – Fifth and Sixth Amendment

Plaintiff's claim that Mooney violated his Fifth and Sixth Amendment rights by failing to inform him of his *Miranda* rights is another matter that is governed by the *Younger* abstention doctrine discussed above. This constitutional issue may be litigated in the Illinois circuit court during the course of Plaintiff's criminal prosecution there. This Court shall not address this claim further, in order to avoid any interference with the ongoing state proceedings.

For this reason, the constitutional claim against Mooney in **Count 2** for failure to advise Plaintiff of his *Miranda* rights shall also be stayed until the criminal prosecution is concluded.

### Dismissal of Count 3 – False Statements in Police Report

Plaintiff disputes a number of the statements included in Mooney's report of the events leading up to Plaintiff's arrest. However, false statements in a document, in and of themselves, do not violate any constitutional right. If Plaintiff is concerned about the possible use of Mooney's allegedly false statements in his criminal trial, the admissibility of the document would be a matter for the trial judge to determine in his or her sound discretion at the time the document is sought to be introduced. At this time, there is no cognizable constitutional claim based on the allegedly false statements. Therefore, **Count 3** shall be dismissed without

prejudice.

### Dismissal of Count 4 – Destruction of Evidence

Plaintiff's factual allegations state clearly that Officer Greenwood destroyed the supposedly exculpatory evidence (although he does not identify what item was destroyed). He does not claim that Mooney had any involvement in destroying evidence. Plaintiff did not include Greenwood as a Defendant in this action, by his own choice. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (internal quotations and citations omitted). Plaintiff does not allege any participation by Mooney in the destruction of evidence, thus, he fails to state a claim against Mooney upon which relief may be granted. Accordingly, **Count 4** shall be dismissed without prejudice.

### Dismissal Without Prejudice of Miscellaneous Claims

As noted above, all other claims which are not included in Counts 1-4 above are dismissed without prejudice. These include, but are not limited to, the following matters which Plaintiff mentions in the Complaint, but does not further articulate the basis for his potential claims: freedom of speech, conflict of interest on the part of his former attorney who now works for the State's Attorney, cruel and unusual punishment, excessive bail, and excessive force at the hands of Officer Greenwood (who is not a party to this action).

Finally, the Court notes that release from custody (which Plaintiff mentions in his prayer for relief) cannot be granted in a civil rights action brought pursuant to § 1983. Release from incarceration is a remedy available only in a habeas corpus action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (dismissing § 1983 claims that should have been brought as petitions for

writ of habeas corpus); *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). Furthermore, a prisoner may only maintain a federal habeas action after he has first presented all of his claims to the Illinois courts. Ordinarily, this will involve raising every issue in the trial court, and appealing any adverse decisions to the Illinois Appellate Court and the Illinois Supreme Court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010).

## Disposition

**COUNTS 1 and 2** shall be **STAYED** pursuant to the *Younger* doctrine until the entry of final judgment in Plaintiff's criminal prosecution in *People v. Jones*, Jefferson County Case No. 17-CF-69,[1] and any other criminal case brought as a result of Plaintiff's arrest on February 14, 2017, or until such other time as the Court may determine.[2]

Plaintiff is **DIRECTED** to notify this Court when final judgment has been entered in his criminal case(s) arising from his February 14, 2017, arrest, within **14 days** of the date the criminal judgment is entered. The court will then assess whether to reopen this action on the docket and whether further proceedings are appropriate.

**COUNTS 3 and 4** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Because the only remaining counts in this matter must be stayed until the conclusion of Plaintiff's criminal proceeding, the entire action shall likewise be **STAYED**. The stay shall go into effect after Defendant **MOONEY** is served and the return of service or waiver of service of summons is filed. The Defendant shall **NOT** be required to answer the Complaint until the stay is lifted. Upon lifting the stay, the Court shall enter a scheduling order including the time

---

[1] Plaintiff references this case number in Doc. 1, p. 10.
[2] Abstention under *Younger* may be required until the conclusion of the criminal appeal process in the case of a conviction. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975).

allowed for Defendant to answer the Complaint.

The Clerk of Court shall prepare for Defendant **MOONEY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 24, 2017**

*s/J. Phil Gilbert*
United States District Judge