IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CORBIN D. JONES, # 01-30-1989-46, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-cv-337-JPG |
| | ) | |
| NEILL MOONEY, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for case management. On May 24, 2017, this Court reviewed Plaintiff's civil rights Complaint pursuant to 28 U.S.C. § 1915A, and determined that Counts 1 and 2 stated potentially viable claims. (Doc. 12). However, under the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), the Court found that this case must be stayed until the conclusion of Plaintiff's criminal prosecution in state court, in *People v. Jones*, Jefferson County Case No. 17-CF-69, and in any other criminal case brought as a result of Plaintiff's arrest on February 14, 2017. *See Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013). The stay may be maintained until the conclusion of the criminal appeal process, if Plaintiff is convicted.

Defendant Mooney has now been served with the Complaint and the Court's May 24, 2017, order. (Doc. 14).

**IT IS THEREFORE ORDERED** that this action is **STAYED** until further order of this Court. Defendant Mooney is **NOT** required to submit an answer to the Complaint at this time. The Clerk is **DIRECTED** to terminate the deadline now reflected on the Court's docket for the answer to be filed. When the stay is lifted, the Court shall enter a scheduling order to advise

1

Mooney of the deadline by which he shall answer or otherwise respond to the Complaint.

**IT IS FURTHER ORDERED** that Plaintiff **SHALL NOTIFY** the Court and the Defendant when final judgment has been entered in his criminal case(s) arising from his February 14, 2017, arrest, within **14 days** of the date the criminal judgment is entered. If Plaintiff files an appeal of the criminal judgment, he shall also notify the Court of that fact. The Court will then assess whether to lift the stay and whether further proceedings are appropriate.

Plaintiff is **REMINDED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 28, 2017**

*s/J. Phil Gilbert*
United States District Judge