IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CORBIN D. JONES,
Plaintiff,

v.

Case No. 17–CV–00337–JPG

NEILL MOONEY,
Defendant.

## **MEMORANDUM AND ORDER**

### I. INTRODUCTION

This is a prisoner civil-rights case brought under 42 U.S.C. § 1983. Plaintiff Corbin D. Jones asserts claims under the Fourth, Fifth, and Sixth Amendments to the United States Constitution. (Mem. & Order 1, ECF No. 20). Defendant Neill Mooney filed a Motion for Summary Judgment. (Def.'s Mot. for Summ. J., ECF No. 45). Magistrate Judge Mark Beatty issued a Report and Recommendation (R. & R.) recommending that the Court grant Defendant's motion, dismiss Defendant Mooney, and grant Plaintiff leave to file an amended complaint. (R. & R., ECF No. 61). Plaintiff objected, (Obj., ECF No. 62), prompting de novo review, SDIL-LR 73.1(b).

### II. PROCEDURAL & FACTUAL HISTORY

On February 13, 2017, Plaintiff was released from the hospital after suffering a workplace injury and spent the night as his mother's home. (Pl. Dep. 10, ECF No. 46–1). The following night, Plaintiff was singing loudly in his bedroom upstairs. (Id. at 12–13). His mother confronted him and ordered him to leave her home. (Id.). When Plaintiff refused, his mother informed him that she was calling the police. (Id. at 14).

Defendant, Officer Greenwood, and other police officers responded to the dispatch call, and Plaintiff's mother escorted them through the home. (Compl. 3, ECF No. 1). The officers met Plaintiff at the bottom of the stairs leading to his bedroom. (Id.; Pl. Dep. 15). Plaintiff's mother stood next to the officers and did nothing—"she let the police take care" of it and walked away. (Pl. Dep. 15–16).

Plaintiff told the officers that he needed time to collect his belongingss. (Id. at 16). After a few minutes, Defendant (or Officer Greenwood) entered Plaintiff's room to supervise him. (Id.; Compl. 3). Defendant (or Officer Greenwood) then discovered marijuana and a crystalline substance on Plaintiff's table, and Plaintiff was placed under arrest. (Pl. Dep. 16; Compl. 3).

In April 2017, Plaintiff filed a pro se complaint in this Court. (Compl. 1). The Court conducted a threshold review of the Complaint, articulated Plaintiff's claims, and dismissed those that lacked merit. (Mem. & Order 1, ECF No. 12). Two claims survived: Count 1 alleges that Defendant violated the Fourth Amendment when Defendant entered his room without a warrant or consent; and Count 2 alleges that Defendant violated the Fifth and Sixth Amendments because Defendant failed to recite his Miranda rights upon arrest. (Id. at 4–5).

Defendant motioned for summary judgment. (Def.'s Mot. for Summ. J., ECF No. 45). Magistrate Judge Beatty issued a R. & R. recommending that the Court grant Defendant's motion but grant Plaintiff leave to amend the Complaint and name Officer Greenwood as the defendant. (R. & R., ECF No. 61). Plaintiff objected. (Obj., ECF No. 62).

Plaintiff's objection centers around Magistrate Judge Beatty's factual findings. Interpreting the pro se filing liberally and interpreting it in a manner to raise the strongest arguments that Plaintiff suggests, see Erikson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), the Court identifies the following objections: (1) the R. & R. maintains that Plaintiff's mother called the police and

invited them into her home, whereas Plaintiff maintains that the police forcibly entered his room without his or his mother's permission; and (2) the R. & R. maintains that Plaintiff mistakes Defendant for Officer Greenwood, whereas Plaintiff insists that Defendant is the proper party in this case.

**III.    LAW & ANALYSIS**

Plaintiff's claims under the Fourth, Fifth, and Sixth Amendments lack merit. First, there was no Fourth Amendment violation because Plaintiff's mother provided implied consent for the officers to enter Plaintiff's room and remove him from her home. Moreover, Plaintiff was not entitled to a Fifth Amendment <u>Miranda</u> warning absent a custodial interrogation. Finally, the Sixth Amendment is inapplicable to this case because its protections are not triggered until the commencement of adversarial judicial proceedings. Since there were no underlying constitutional violations, the Court need not address Defendant's qualified immunity defense or the personal responsibility requirement, and Plaintiff is not entitled to amend the Complaint.

**A.    Standard of Review**

Summary judgment is appropriate where the record shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56. A "genuine dispute" exists when a rational factfinder, considering the evidence in the summary judgment record, could find in favor of the non-moving party. <u>See</u> <u>Ricci v. DeStefano</u>, 557 U.S. 557, 587 (2009). Accordingly, a dispute is genuine where there is a real basis for it in the evidentiary record. A genuine dispute is not created by simply positing a factual scenario that is plainly contradicted by the summary judgment record. <u>See</u> <u>Scott v. Harris</u>, 550 U.S. 372, 380 (2007). Disputes (even if genuine) over irrelevant or unnecessary facts will not defeat a motion for summary judgment. <u>See id.</u> The moving party can meet is burden by pointing out for the Court an

absence of evidence in support of the non-moving party's claims. See Spierer v. Rossman, 798 F.3d 502, 508 (7th Cir. 2015). Conversely, the non-moving party is not saved by mere allegations or denials. See Clapper v. Amnesty Int'l USA, 568 U.S. 398, 411–12 (2013).

42 U.S.C. § 1983 provides a private right of action for citizens deprived of a federal right by a state official that acted under color of state law. Section 1983 does not create substantive rights, however—only a remedy. Accordingly, suits under § 1983 must be linked to an underlying substantive claim. Here, Plaintiff's § 1983 suit alleges deprivations of his Fourth, Fifth, and Sixth Amendment rights.

### B. Defendant Did Not Violate the Fourth Amendment Because Plaintiff's Mother Provided Valid Consent to Search

The Fourth Amendment to the United States Constitution protects citizens from unreasonable searches and seizures. See U.S. CONST. amend. IV; Katz v. United States, 389 U.S. 347, 353 (1967). "A search takes place when governmental action infringes upon an individual's legitimate expectation of privacy, meaning a subjective expectation of privacy that society is prepared to consider reasonable." United States v. Curlin, 638 F.3d 562, 565 (7th Cir. 2011).

Warrantless searches within a home are presumptively unreasonable, Payton v. New York, 445 U.S. 573, 576 (1980), unless "an authorized individual voluntarily consents to the search," United States v. Bell, 500 F.3d 609, 612 (7th Cir. 2007). And while overnight houseguests have a legitimate expectation of privacy, Minnesota v. Olson, 494 U.S. 91, 99 (1990), that expectation is reduced where there is third-party consent to search from someone with "at the very least common authority over the bedroom sought to be inspected," United States v. Miroff, 606 F.2d 777, 778–79 (7th Cir. 1979), cert. denied, 445 U.S. 928 (1980); see also United States v. Matlock, 415 U.S. 164, 171 (1974).

In United States v. Ladell, 127 F.3d 622, 623 (7th Cir. 1997), two police officers responded to a 911 call from a woman that reported she was struck with a gun at an apartment. When they arrived, the woman informed them that her brother was the culprit. Id. The mother was also present, and she informed the officers that they could "search anywhere." Id. at 624. The Seventh Circuit affirmed this Court's finding that the officers conducted a lawful search, concluding that the mother had "at least apparent authority to consent to a search . . . ." Id. Considering the totality of the circumstances, the Seventh Circuit noted that "third-party consent is . . . easier to sustain if the relationship between the parties . . . is especially close." Id. Importantly, the court thought it "significant to note that the police were invited into the apartment to investigate a charge of domestic violence." Id.

As in Ladell, Plaintiff's mother had apparent authority to consent to the search of Plaintiff's bedroom, defeating his Fourth Amendment claim. Plaintiff argues that Defendant entered his bedroom without his mother's permission. That assertion, however, lacks support in the record. Plaintiff's mother informed him that she was calling the police to have him removed from the home. Defendant responded to the dispatch call after reports of a domestic altercation, and Plaintiff's mother informed Defendant that she wanted Plaintiff out of the house. She escorted the officers through her home, stood alongside them, and "let the police take care of it," eventually walking away. Based on these facts, it is apparent that Plaintiff's mother provided implied consent for the police to enter Plaintiff's bedroom and remove him from her home. Whether it was in fact Defendant or Officer Greenwood that first entered Plaintiff's bedroom is immaterial—there was no Fourth Amendment violation because Plaintiff's mother consented to the search that ultimately led to Plaintiff's arrest.

### C. Defendant Did Not Violate the Fifth or Sixth Amendments Because There Was Not a Custodial Interrogation or Adversarial Judicial Proceeding

The Fifth Amendment protects criminal defendants from self-incrimination. See U.S. CONST. amend. V. In Miranda v. Arizona, 384 U.S. 436, 444 (1966), the Supreme Court interpreted the Fifth Amendment to prohibit law enforcement from using statements "stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." These procedural safeguards generally require law enforcement to inform the defendant prior to any questioning "that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed." Id.

Plaintiff's Fifth Amendment claim fails because he does not contend that statements were improperly obtained during a custodial interrogation. Miranda warning are due only when a defendant is being interrogated by the police while under custody. Plaintiff does not allege that he elicited incriminating statements during a custodial interrogation—only that Defendant failed to recite his Miranda rights upon arrest. That, by itself, is insufficient to state a claim under the Fifth Amendment.

The Court also notes that it characterized Plaintiff's Miranda claim during threshold review as one arising under the Sixth Amendment. (ECF No. 12 at 5–6). Sixth Amendment protections, however, are not triggered until the commencement of adversarial judicial proceedings. United States v. Wade, 388 U.S 218, 227–28 (1967). Importantly, "Miranda rights . . . have their source in the *Fifth* Amendment," Montejo v. Louisiana, 556 U.S. 778, 787 (2009) (emphasis in original), and the Court erred during threshold review by characterizing Plaintiff's claim as one arising under the Sixth Amendment.

## IV. CONCLUSION

The Court **ADOPTS** Magistrate Judge Beatty's R. & R. **AS MODIFIED BY THIS ORDER**, **GRANTS** Defendant's Motion for Summary Judgment, **DISMISSES** Defendant **WITHOUT PREJUDICE**, **DENIES** Plaintiff leave to amend the Complaint, and **DIRECTS** the Clerk of Court to enter judgment.

**IT IS SO ORDERED.**

**Dated: Thursday, December 12, 2019**

<u>**S/J. Phil Gilbert**</u>
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**